UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL HOWARD,<br>    Plaintiff,<br>v.<br>REBECCA BOYD, et al.,<br>    Defendants. | Case No.: 2:20-cv-00462-GMN-NJK<br><br>**ORDER**<br><br>(Docket No. 22) |

Pending before the Court is Defendants' unopposed stipulation to extend discovery deadlines.[1] Docket No. 22. For the reasons stated below, the Court **DENIES** the motion.

**I.    STANDARDS**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotation marks omitted).

A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-3; *see also Johnson,* 975 F.2d at 608–09.[2] The good cause inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists

---

[1] Though Defendants entitle their document a motion to extend dispositive motion deadlines, the motion, in reality, asks to extend several discovery-related deadlines, including the discovery cut-off date. *See* Docket No. 22 at 3.

[2] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

"if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

## II. ANALYSIS

Defendants' motion seeks a 60-day extension of several discovery deadlines. *See* Docket No. 22 at 3. As noted above, the Court's initial inquiry is whether the parties have acted diligently in conducting discovery. The Court entered the scheduling order in the instant case on July 26, 2021. Docket No. 19. Nonetheless, Defendants submit that, to date, "no discovery has been completed." Docket No. 22 at 2.[3] The Court therefore finds that Defendants have not shown the diligence required for a finding of good cause. This ends the Court's inquiry into whether an extension should be granted.[4] *See Coleman*, 232 F.3d at 1295.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to extend discovery deadlines without prejudice. Docket No. 22.

IT IS SO ORDERED.

Dated: October 6, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' statement is not completely accurate. In fact, Plaintiff has made attempts to conduct discovery and has filed a motion to compel the discovery that Defendants have, he submits, refused to provide. *See* Docket No. 21. The more accurate statement would be that Defendants have failed to engage in any discovery, despite the scheduling order.

[4] Although the Court need not look beyond Defendants' lack of diligence in conducting discovery, the Court notes that Defendants rely upon the recent reassignment of the instant matter to a new deputy attorney general to demonstrate good cause. Docket No. 22 at 2. Defendants fail to address, however, the discovery actions taken by the former deputy attorney general assigned to the instant case. *See* Docket No. 22. *See also* Docket No. 11 (notice of appearance of deputy attorney general on behalf of Defendants on March 17, 2021).