UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL HOWARD,<br><br>  Plaintiff,<br><br>v.<br><br>REBECCA BOYD, et al.,<br><br>  Defendants. | Case No. 2:20-cv-00462-GMN-NJK<br><br>**Order** |

On October 19, 2021, the Court granted Plaintiff's motion to compel responses to his discovery requests. Docket No. 25. The Court further ordered Defendants to show cause as to why they should not be ordered to pay Plaintiff's reasonable costs in filing his motion to compel due to their complete failure to respond to his discovery requests. *Id*. Defendants responded to the Court's order to show cause on October 26, 2021. Docket No. 26.

A pillar of federal litigation is that discovery should proceed with minimal involvement of the Court. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Instead of forcing judicial oversight of every dispute, parties are expected to approach discovery with an eye toward cooperation, practicality, and sensibility. *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The governing rules reflect this in several ways, including providing a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a discovery motion. *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994).[1] By design, these "rules should deter the abuse implicit in carrying or forcing a discovery dispute to

---

[1] Such expenses are awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses. *See, e.g.*, *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). The Court afforded Defendants the opportunity to be heard via their response to the Court's order to show cause.

1

the court when no genuine dispute exists." Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

The losing party may rebut the presumption of an award of expenses by establishing that its position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *See Flamingo Trails*, 316 F.R.D. 327, 335 (D. Nev. 2016). An award of expenses is also unwarranted when the prevailing party did not attempt in good faith to obtain the discovery before seeking judicial intervention or when an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

In their response to the Court's order to show cause, Defendants primarily rely on two reasons in asking the Court not to order them to pay Plaintiff's reasonable expenses. *See* Docket No. 26. First, Defendants submit that Plaintiff failed to meet and confer because he states that he attempted to contact Defendants' counsel through outside assistance, without providing a declaration or details about his attempts to meet and confer. *Id*. at 4.

The Court has already granted Plaintiff's motion to compel; therefore, any argument regarding whether Plaintiff met his meet and confer requirement under the Court's Local Rules to file that motion misses the mark. In any event, Plaintiff is a death row inmate who has no access to email and limited access to the telephone. Docket No. 21 at 2. The "requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication." LR IA 1-3(f)(1). Plaintiff submits that he attempted to meet and confer in the only way available to him before filing his motion and Defendants present no evidence or argument to rebut this statement. Therefore, though it is unnecessary to make such

a finding at this point, the Court finds that Plaintiff satisfied his obligations under this Court's Local Rules to meet and confer prior to filing a motion to compel.

Defendants' more relevant argument at this stage is whether Plaintiff met the meet and confer requirements of Fed.R.Civ.P. 37.  Rule 37(a)(5)(A) states, in relevant part, that if the motion to compel "is granted – or if the … requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movants reasonable expenses incurred in making the motion…"  The Rule further states, in relevant part, that the Court must not order this payment unless the movant attempted in good faith to obtain the discovery without court action prior to filing the motion.  Fed.R.Civ.P. 37(a)(5)(A)(i).  The Court finds that Plaintiff attempted to obtain the discovery without court action prior to filing his motion to compel; therefore, he meets the requirement of Fed.R.Civ.P. 37(a)(5)(A)(i).

Defendants further submit that, after Deputy Attorney General DiMaggio began employment at the Office of the Nevada Attorney General in late September 2021, he immediately worked to resolve the discovery dispute without further Court involvement.[2]  Docket No. 26 at 4-6.  Defendants submit that these efforts were in good faith and show that Defendants were substantially justified in their failure to respond to Plaintiff's discovery requests.  *Id.*  The heart of the underlying discovery issue in this case, however, involves inaction by the Office of the Nevada Attorney General during the months prior to Mr. DiMaggio's employment.  *See* Docket No. 25.  Plaintiff's discovery requests were initially served on August 10, 2021.  *Id.*  Defendants fail to provide any information or justification for why they ignored Plaintiff's discovery requests prior to Mr. DiMaggio's employment.  Further, Defendants misconstrue the meaning of the term "substantial justification."  A position is substantially justified when "the parties had a genuine

---

[2] Defendants' submission that their responses to discovery requests, served after Plaintiff filed his motion to compel, moot Plaintiff's motion to compel flies in the face of the plain text of Fed.R.Civ.P. 37(a)(5)(A), which clearly states that the Court must order Defendants to pay expenses when the discovery is provided after a motion to compel is filed.  Further, though the issue is not currently before the Court, Defendants' response to the Court's order to show cause seems to indicate that Defendants improperly objected to Plaintiff's discovery requests, rather than responding to them substantively.  *See* Docket No. 26 at 5-6.

3

dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts* 312 F.R.D. at 609. Defendants present no argument that they had a genuine dispute with Plaintiff as to whether they should respond to his discovery requests. Instead, it appears that Defendants dropped the ball and simply failed to respond. This type of negligence does not qualify as substantial justification.[3]

Defendants' response to the Court's order to show cause fails to demonstrate that Defendants' failure to respond to Plaintiff's discovery requests was substantially justified or that any other circumstances exist that would make an award of expenses unjust. Therefore, the Court **ORDERS** Defendants to pay Plaintiff's reasonable expenses in having to litigate his motion to compel.[4]

The Court encourages the parties to confer in an attempt to agree on an amount of expenses. No later than **November 5, 2021**, Defendants must file notice on the docket as to whether the parties have come to an agreement on the amount of expenses Defendants will pay Plaintiff. If the parties cannot come to an agreement, Plaintiff must file a Motion to Calculate Expenses, which sets out with specificity all reasonable expenses he incurred in litigating his motion to compel, no later than **November 30, 2021**.

IT IS SO ORDERED.

Dated: October 28, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants present essentially no argument as to why any award of expenses would be unjust. *See* Docket No. 26. Courts only address well-developed arguments. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). The Court finds that Defendants fail to demonstrate any reason why an award of Plaintiff's expenses would be unjust.

[4] Defendants' response is rife with statements that misconstrue the relevant Rules and caselaw and that fail to set forth the full facts surrounding their failure to conduct discovery. Further, Defendants' counsel appears to have called Plaintiff, a *pro se* inmate litigant, and made an agreement with him regarding their responses to his discovery requests that is inconsistent with the plain language of the Federal and Local Rules. The Court expects competent, candid representation from counsel. Failure to practice in a manner that complies with all Rules in the future could result in significant sanctions.