UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>REBECCA BOYD, et al.,<br><br>    Defendants. | Case No. 2:20-cv-00462-GMN-NJK<br><br>**Order**<br><br>[Docket No. 38] |

Pending before the Court is Plaintiff's motion to compel answers to Plaintiff's discovery requests. Docket No. 38.[1] The Court has considered Plaintiff's motion and Defendant's response. Docket Nos. 38, 42. No reply was filed. *See* Docket. For the reasons discussed below, Plaintiff's motion to compel is hereby **GRANTED**.

**A. BACKGROUND**

The discovery dispute arises from a civil rights case between a *pro se* prisoner and various prison officials: Rebecca Boyd, Bradshaw, James Lester, Guy Brown, Jeremy Bean, and Robert Ashcroft.[2] Plaintiff alleges that Defendants retaliated against him by falsely accusing him of a rule violation for using the grievance process to complain that his wedding band and crucifix were stolen by prison officials. Plaintiff alleges other items of his property were confiscated and destroyed in retaliation. Plaintiff also alleges that the disciplinary hearing for the rule violation

---

[1] As Plaintiff is appearing *pro se*, the Court has an obligation to construe his filings liberally. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] The background section is taken in large part from the screening order entered in this case. *See* Docket No. 9.

1

was unconstitutionally held at a different facility and his right to fairly access the grievance system was obstructed, resulting in a conviction including loss of canteen privileges for 30 days.

The instant motion arises from Plaintiff's attempts to obtain discovery in this matter. On August 10, 2021, Plaintiff properly propounded discovery requests on Defendants in the form of interrogatories, requests for admission, and requests for production of documents. Docket No. 25 at 1. After receiving no response from Defendants and attempting to meet and confer with them on this issue, Plaintiff filed a motion to compel responses to his discovery requests. Docket No. 21. On October 19, 2021, the Court issued an order compelling Defendants to respond to Plaintiff's properly propounded discovery requests. *See* Docket No. 25.

Plaintiff now submits that, although Defendants responded to his pending requests on October 11, 2021, the responses were inadequate because they consisted solely of objections to every single discovery request. Docket No. 38 at 2. Plaintiff submits that such objections were inappropriate because they consisted of boilerplate objections and, in any event, the Court had already granted his motion to compel. *Id.* at 1-2. Further, Plaintiff submits that Defendants' responses are obstructionist as they refuse to respond to any of his requests for discovery. *Id.* at 2-3.

Defendants submit that any argument compelling a response to Plaintiff's discovery requests is inappropriate because Plaintiff failed to meet and confer with Defendants prior to filing the instant motion and because Defendants already responded to Plaintiff's discovery requests. Docket No. 42 at 4-6. Defendants further submit that Plaintiff failed to timely file the instant motion prior to the end of the discovery period. *Id.* at 5-6.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The party

seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

### A. Meet and Confer

Defendants ask the Court to deny the instant motion because they submit that Plaintiff failed to properly meet and confer with them prior to filing the renewed motion to compel. Docket No. 42 at 4. Litigants should not expect courts to look favorably on attempts to use the prefiling conference requirements as procedural weapons through which to avoid complying with their discovery obligations. *See, e.g., Aevoe Corp. v. AE Tech Co.*, 2013 WL 4714273, at *2 (D. Nev. Aug. 30, 2013). In addition, the Court retains the discretion to waive the meet and confer requirements with respect to any particular motion based on the circumstances of that case. *See Rogers v. Giurbino*, 288 F.R.D. 469, 477-78 (S.D. Cal. 2012); *see also Mielke v. Standard Metals Processing, Inc.*, 2015 WL 2152664, at *1 (D. Nev. May 7, 2015) (collecting cases).

Here, Plaintiff is a *pro se* litigant who is also a death row inmate currently housed at High Desert State Prison. Further, the Court has already issued an order requiring Defendants to provide the exact discovery that is the subject of this motion. Therefore, the Court finds that no meet and confer was necessary.

### B. Timeliness

Parties cannot unduly delay filing a motion to compel discovery. *V5 Techs*, 332 F.R.D. at 360. A motion to compel filed after the deadline for dispositive motions is presumptively untimely absent unusual circumstances. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620m 622 (D. Nev. 1999). Courts have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs*, 332 F.R.D. at 361 (citing *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F.Supp.2d 1040, 1044 (S.D. 2010)). Courts consider the timeliness of a motion to compel by assessing the complex of circumstances giving rise to the motion, considering a non-exhaustive list of factors. *Id.* at 360-61. The factors the Court considers include: the time since the discovery deadline expired, how long the moving party knew about the discovery, whether the discovery deadline has been extended, the explanation for the delay, whether dispositive motions have been

filed or scheduled, the age of the case, prejudice to the party from whom the late discovery is sought, and disruption of the Court's schedule. *Id.* (citations omitted).

The circumstances presented to the Court here indicate that unusual circumstances exist to warrant considering Plaintiff's motion, despite the submission of a dispositive motion. Defendants submit that the instant motion should not be considered because discovery closed in October and the dispositive motion deadline expired on November 8, 2021. Docket No. 42 at 6. Yet Defendants also argue that they served their initial disclosures and discovery responses for the requests at issue in the motion on Plaintiff on December 8, 2021. *See id.* at 7-8. Given the untimeliness of Defendants' responses to Plaintiff's requests, Plaintiff would not have been able to file the instant motion within the presumptively timely period to do so. Plaintiff filed the instant motion on December 20, 2021, only twelve days after receiving these responses. The late receipt of these discovery materials constitutes unusual circumstances rebutting a presumption of untimeliness. The other factors indicate Plaintiff did not unduly delay the filing of this motion. Plaintiff received the December responses nearly two months after the close of discovery and filed this motion within two weeks of receiving fourteen discovery responses. In the interest of justice, the Court will consider the instant motion despite its submission after the dispositive motions deadline.

C. Objections

When a party timely responds to discovery requests, parties can object to the discovery request being made. *See* Fed. R. Civ. P. 33(b), 34(b)(2), 36(a)(5).[3] Boilerplate objections to discovery requests are disfavored. *EnvTech, Inc. v. Suchard*, 2013 U.S. Dist. LEXIS, 2013 WL 4899085, at 4 (D. Nev. Sept. 11, 2013) (citation omitted). Defendants, as the party resisting discovery, bear the burden of persuasion on their objections. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Such a burden is not met by relying on "boilerplate, generalized, conclusory, or speculative arguments." *Id.*; *see also Aevoe Corp. v. AE Tech Co.*,

---

[3] All three discovery devices at issue provide that parties have 30 days to respond unless the Court orders otherwise, or the parties stipulate to a different length of time. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(B), 36(a)(3). No such Court order was issued here and there is no evidence of a stipulation for a longer response time.

2013 U.S. Dist. LEXIS 124591, at *2 (D. Nev. Aug. 30, 2013).  Arguments against discovery must be supported by "specific examples and articulated reasoning." *United States EEOC v. Caesaers Ent., Inc.* 237 F.R.D. 428, 432 (D. Nev. 2006).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1573 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).[4]  Courts have broad discretion to excuse a failure to timely respond for good cause. *Cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 607 (9th Cir. 1992).

The discovery requests at issue include eighteen requests for production, sixty-five requests for admission, and eighteen interrogatories.  The Court has already found that these requests were properly propounded by Plaintiff on August 10, 2021.  Docket No. 25.  Defendants provide no good cause to support a finding that these objections were not waived by their initial month delay in responding to Plaintiff's requests or their four-month delay in responding to Plaintiff's requests.

In any event, Defendants fail to meet their burden of persuasion.  Defendants object that Plaintiff improperly served the discovery requests because he served them on Defendants as a collective instead of on distinct parties citing language lifted from Federal Rules of Civil Procedure 33, 34, and 36.  *See, e.g.,* Docket Nos. 38 at 9, 38-2 at 5, 38-3 at 5.  Further, Defendants broadly object that the requests are improper and unclear.  *See, e.g, id.*  Defendants fail to provide specific examples or articulated reasoning to support these objections.  Instead, Defendants merely submit that these objections were properly set forth in their initial October responses and fail to establish

---

[4] Although *Richmark* dealt with the timeliness of objections to interrogatories pursuant to Federal Rule of Civil Procedure 33, courts have routinely applied this principle to requests for production. *See, e.g., Shaw v. Davis*, 2021 U.S. Dist. LEXIS 164647, at *17 (D. Nev. Aug. 31, 3021). Federal Rule of Civil Procedure 36, governing requests for admission, explicitly states that failure to timely respond to the requests constitutes admission. Fed. R. Civ. P. 36(a)(3).  Courts may but are not required to grant relief when presentation of the merits of the action would be undermined.  Fed. R. Civ. P. 36(b).

grounds supporting these boilerplate objections.[5] These objections fail to substantively respond to or engage with Plaintiff's requests.

Accordingly, the Court orders Defendants to provide proper responses to Plaintiff's requests for production and interrogatories. The Court is aware of the harsh implications of failing to respond to requests for admission. *See* Fed. R. Civ. P. 36(a)(4). When a party fails to properly object or timely answer a request for admission, the Court has discretion to order proper responses be provided to the moving party instead of deeming the requests for admission admitted. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245-47 (9th Cir. 1981). Generally, a court should allow the responding party to amend the requests for admission and only impose the "severe" sanction of deeming admitted requests for admission where the responding party intentionally disregards its obligations under Federal Rule of Civil Procedure 36(a). *Id.* at 1247. The Court will allow Defendants one final opportunity to provide their responses to Plaintiff's requests for admission.

D. Conclusion

For the reasons discussed above, Plaintiff's motion to compel responses, Docket No. 38, is hereby **GRANTED**. No later than February 25, 2022, Defendants must provide Plaintiff responses to the contested requests for admission, interrogatories, and requests for production. It is further **ORDERED** that, no later than February 25, 2022, Defendants must show cause as to why they should not be ordered to pay Plaintiff's reasonable costs in filing his motion.

The Court has previously raised concerns about Defendants' litigation tactics in this case. *See, e.g.,* Docket No. 25. The Court remains concerned. Defendants failed to engage in any sort of discovery in this action, by their own admission, until two weeks before the end of the discovery period.[6] These responses, as discussed above, were obstructionist and failed to substantively

---

[5] Defendants include a single footnote arguing that none of the discovery requests is proper based on their objection that Plaintiff should have propounded the discovery requests on each named Defendant individually. *See* Docket No. 42 at 6 n.2. Apart from this footnote, Defendants fail to provide any points and authorities regarding their objections to the Court.

[6] The discovery period ended on October 25, 2021. Docket No. 19. A week prior to serving these October discovery responses, Defendants sought an extension of the discovery period.

6

engage with Plaintiff's requests. Defendants objected to each and every discovery request. Nothing provided to the Court suggests that Defendants have provided any discovery to Plaintiff, despite prior orders from the Court to do so.[7] *See, e.g.,* Docket No. 25. Each party has an obligation to properly engage in the discovery process.

The Court **CAUTIONS** Defendants that it expects full and proper compliance with its order to properly provide Plaintiff with the discovery at issue in the instant motion. *See also* Docket No. 25. Orders are not suggestions or recommendations; they are directives with which compliance is mandatory. *See, e.g., Chapman v. Pacific Tel. & Tel. Co.*, 613 F.29 193, 197 (9th Cir. 1979). Failure to comply with an order compelling discovery can result in sanctions. *See* Fed. R. Civ. P. 37(b)(2).

IT IS SO ORDERED.

Dated: January 26, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

Docket No. 22. In denying Defendants' request, the Court raised concerns about Defendants' failure to engage in any discovery. Docket No. 24 at 2 n.3.

[7] Defendants submit that they served responses on Plaintiff and initial disclosures in early December 2021, two months after the close of the discovery period. *See* Docket No. 42 at 7-8. Besides Plaintiff's submission of the original responses to his interrogatories, requests for production, and requests for admission at issue in the instant motion, no further proof or exhibits suggesting discovery has been exchanged has been provided to the Court. Further, despite attempting to use the close of discovery as their main argument in opposition to Plaintiff's motion to compel, Defendants offer no explanation for any of their late discovery attempts.